# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHAROS MARITIME COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>NAVIG8 CHEMICALS POOL INC.,<br><br>    Defendant,<br><br>and<br><br>ALCOTRA HOLDING NORTH AMERICA, INC.,<br><br>ALCOTRA NORTH AMERICA INC.,<br><br>ARAMCO, INC.,<br><br>ARAMCO OIL COMPANY LLC,<br><br>INTERCHEM LLC,<br><br>INTERCHEM U.S.A., INC.,<br><br>INTERCHEM USA INC.,<br><br>INTERCHEM, INC.,<br><br>NAVIG8 CHEMICALS AMERICA LLC,<br><br>NAVIG8 PRODUCT TANKERS LLC,<br><br>NESTE OIL HOLDING (U.S.A.), INC.,<br><br>NESTE OIL SERVICES, INC.,<br><br>NESTE OIL, INC.,<br><br>NESTE PETROLEUM (PRODUCTS), INC.,<br><br>NESTE PETROLEUM MARKETING, INC., | Civil Action No. _____<br><br>**IN ADMIRALTY** |

NESTE PETROLEUM, INC.,

NESTE PIPELINE CORPORATION,

NESTE TRADING (U.S.A.), INC.,

NESTE US, INC.,

NESTE USA, L.L.C.,

OAKTREE CAPITAL MANAGEMENT, L.P.,

REPSOL ENERGY NORTH AMERICA CORPORATION,

REPSOL E&P USA INC.,

REPSOL OFFSHORE E&P USA INC.,

REPSOL USA HOLDINGS CORPORATION,

SABIC AMERICAS, INC.,

SABIC PETROCHEMICALS HOLDING US, INC.,

TRAMMO GAS INTERNATIONAL, INC.,

TRAMMO PETROLEUM, INC.,

TRAMMO, INC.,

and

TRICON SHIPPING, LTD.,

    Garnishees.

## VERIFIED COMPLAINT AND REQUEST FOR ISSUANCE OF WRITS OF MARITIME ATTACHMENT AND GARNISHMENT

Plaintiff Pharos Maritime Company ("Pharos") brings this action against Defendant Navig8 Chemicals Pool Inc. ("Navig8"), *quasi in rem*, pursuant to Supplemental Admiralty and

Maritime Rule B for issue of writs of maritime attachment and garnishment, and states as follows:

### Jurisdiction and Venue

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This complaint is also brought pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, in that it involves a maritime transaction within the meaning of 9 U.S.C. § 1 and seeks to obtain security in assistance of contemplated London maritime arbitration proceedings pursuant to 9 U.S.C. § 8.

3. Venue is proper in this District because the Garnishees are located and can be found in this District. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

### The Parties

4. Pharos is a Marshall Islands corporation and has its principal place of business at 69 Ethnikis Antistaseos Street, Chalandri, 152 31 Athens, Greece. At all times relevant to this action, Pharos was the owner of the M/T CHEM BULLDOG (the "Vessel").

5. Navig8 is a Marshall Islands corporation and has its principal place of business at 3 Temasek Avenue, Singapore, Singapore. At all times relevant to this action, Navig8 was the manager of a pool of chemical tanker vessels and a time charterer of the Vessel.

6. The Garnishees named herein are entities registered to do business, and with offices located, in this District. On information and belief, each of the Garnishees hold accounts and/or property in which Navig8 has an interest.

## Facts

7. On or about April 9, 2012, Pharos and Navig8 entered into two contracts – (i) a Pool Agreement, and (ii) Shelltime Charterparty (the "Charterparty").

8. On or about April 28, 2015, Pharos and Navig8 agreed that, subject to the terms of the Charterparty, the Vessel would carry a load of phosphoric acid cargo within a precise set of specifications.

9. On or about May 4, 2015, Navig8 notified Pharos that the grade and some of the specifications of the phosphoric acid had changed – but that specifications of the two corrosion accelerator elements (fluoride and chloride) remained unchanged.

10. On May 25, 2015, prior to the loading, the Vessel's tanks were inspected and declared suitable for loading of the phosphoric acid.

11. Following the inspection of the tanks, approximately 11,500 metric tons of phosphoric acid was loaded into the Vessel's tanks.

12. After the loading of the phosphoric acid, a sample was extracted from the tanks in the event quality control testing might be needed.

13. On June 7, 2015, the phosphoric acid was discharged in India.

14. Following the phosphoric acid's discharge, the tanks were cleaned, flushed, vented, and inspected.

15. During the tank inspection, damage to the tanks' stainless steel coatings was detected.

16. Between July, 2015 and October, 2015, the Vessel underwent significant repairs to its tanks in Shanghai, China.

17. On September 4, 2015, the phosphoric acid sample which had been extracted on June 7, 2015 was sent to Intertek (Wilton UK) ("Intertek") for testing.

18. The Intertek testing revealed that the fluoride and chloride specifications were significantly higher than, and well outside the range of, the specifications agreed to by Pharos and Navig8 on May 4, 2015.

19. Pursuant to the Charterparty, Navig8 agreed to indemnify Pharos against *inter alia* all consequences and/or liabilities arising while the Vessel was chartered to Navig8.

20. The Charterparty further provided that Navig8 would be liable to Pharos for any damage caused to the Vessel by shipment of acid cargo, as well as for any time taken to repair such damage.

21. Pharos has incurred USD 2,029,762.66 in damages to date, including (but not limited to) costs incurred to repair the Vessel and lost hire.

22. Despite demand, Navig8 has refused to reimburse Pharos for the costs and expenses associated with the damage to the Vessel's tanks.

23. Pharos anticipates incurring at least an additional USD 300,000.00 in damages, including (but not limited to) attorneys' fees and costs associated with forthcoming arbitration proceedings in London, for which Navig8 is liable pursuant to the Charterparty.

### Count I – Breach of Maritime Contract

24. Pharos incorporates the above paragraphs as if fully set forth herein.

25. Navig8 has breached its maritime contract with Pharos (to wit, the Pool Agreement and Charterparty) as set out more fully above.

26. Despite demand, Pharos remains unpaid for amounts it expended associated with the damage to the Vessel's tanks, and amounts it anticipates expending in litigation to pursue reimbursement from Navig8 caused by Navig8's breach of maritime contract.

27. Pharos therefore demands judgment against Navig8 as set forth more fully below.

### Count II – Maritime Attachment and Garnishment (Rule B)

28. Pharos incorporates the above paragraphs as if fully set forth herein.

29. Pharos seeks issue of process of maritime attachment and garnishment so that it may obtain security for its claims in arbitration, including its contractual attorneys' fees and costs.

30. No security for Pharos's claims has been posted by Navig8 or anyone acting on its behalf to date.

31. Navig8 cannot be found within this district within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of Garnishees in this District.

WHEREFORE, Pharos prays:

A. That process in due form of law issue against Navig8, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That since Navig8 cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Navig8's tangible or intangible property or any other funds held by any garnishee, which are due and owing to Navig8, up to the amount of at least **USD 2,329,762.66** to secure Pharos's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C. That since it appears that the U.S. Marshal's Service lacks sufficient staff to effect service of process of Maritime Attachment and Garnishment promptly or

economically, and that since appointing a person over 18 years of age and who is not a party to this action will result in substantial economies in time and expense, such a person be appointed pursuant to Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

D. That upon attachment of the amount demanded, that this Court stay this action pending outcome of the parties' arbitration, and this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof; and

E. That Pharos may have such other, further and different relief as may be just and proper.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Timothy Jay Houseal (Del. Bar ID No. 2880)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6682
thouseal@ycst.com

Counsel for Plaintiff

OF COUNSEL
J. Stephen Simms *pro hac vice pending*
Marios J. Monopolis *pro hac vice pending*
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Tel: (410) 783-5795
Fax: (410) 510-1789
jssimms@simmsshowers.com
mjmonopolis@simmsshowers.com

Dated: March 9, 2016

## VERIFICATION

I am a Principal of the law firm Simms Showers LLP, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District of Delaware. There is no record of any general or resident agent authorized to accept service of process for Navig8 A/S in this District.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on March 9, 2016.

_____
J. Stephen Simms